IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| IRIS A. GONZALEZ, § <br> INDIVIDUALLY AND AS NEXT § <br> FRIEND OF M.B., A MINOR § <br> § No. 5:21-cv-00039 <br> v. § <br> § <br> SAM TRANSFER, LLC, NGUYEN § <br> CONG CHI, AND HECTOR RIVAS § | |

# NOTICE OF REMOVAL

Defendant Nguyen Cong Chi ("Chi") presents this Notice of Removal of the suit brought by Iris A. Gonzales ("Gonzalez"), individually and as next friend of M.B., a minor, from the District Court, 49th Judicial District, of Webb County, Texas, where the suit was instituted, to this United States District Court for the Southern District of Texas, Laredo Division, encompassing the place where the state court is located. Expressly reserving all questions other than that of removal, Chi respectfully shows that removal is proper as follows:

## I. STATE COURT SUIT

1.1    On or about January 25, 2021, Gonzalez commenced an action against Chi, Sam Transfer, LLC, and Hector Rivas in the District Court, 49th Judicial District, of Webb County, Texas styled "*Iris A. Gonzalez, Individually and as Next Friend of M.B. vs. Sam Transfer LLC, Nguyen Cong Chi, and Hector Rivas*" and bearing Cause No. 2021CVA000142D1 (the "State Court Action").

64784.45386137


1.2     The State Court Action is a civil suit in which Plaintiff alleges personal injuries sustained as a result of an automotive collision that occurred on September 8, 2020.

## II. PARTIES AND CITIZENSHIP

2.1     Plaintiff and her minor M.B., at the time suit was filed, when this case was removed, and at present, were, and are, citizens of the state of Texas and no other state. *See Plaintiff's Original Petition*, p. 1, attached as Exhibit B-3.

2.2     Chi, at the time suit was filed, when this case was removed, and at present, was, and is, an individual and citizen of the state of Georgia and no other state.

2.3     Sam Transfer LLC, at the time suit was filed, when this case was removed, and at present, was, and is, a limited liability company organized under the laws of Georgia with its principal place of business in Lawrenceville, Georgia.  All of Sam Transfer LLC's members are citizens of Georgia and no other state.  Sam Transfer LLC, at the time suit was filed, when this case was removed, and at present, was, and is, a citizen of the state of Georgia and no other state.

2.4     Because Hector Rivas has been improperly joined, his citizenship is irrelevant with respect to determining diversity.

## III. IMPROPER JOINDER

3.1     Where a non-diverse defendant has been improperly joined, the non-diverse defendant is disregarded for the purpose of determining diversity jurisdiction. *See, e.g., Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 101-02 (5th Cir. 2001). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff

*has not* stated a claim against a defendant that he properly alleges is nondiverse." *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited,* 848 F.3d 193, 199 (5th Cir. 2016).  In deciding the question of improper joinder, the court may conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (en banc).

      3.2     As stated above, this suit stems from an automotive collision that occurred on September 8, 2020, in Orange County, Texas, between a tractor-trailer driven by Chi and a Ford F-350.  Presumably to deprive the properly joined defendants from their right to a federal forum[1] and/or to fix venue in Webb County, hundreds of miles from where the accident happened, Gonzalez joined Hector Rivas, whom she claims is a citizen of Texas residing in Webb County, and whom Rivas' counsel advised is the godfather of Plaintiff's minor, M.B.  Plaintiff claims Rivas was driving the F-350.

      3.3     But according to the testimony of Texas Highway Patrol Trooper John Hefner[2], Rivas was not involved.  Exhibit A, Declaration of Trooper John Hefner.  Trooper Hefner was dispatched to the accident scene, interviewed the parties involved, and generally investigated the collision while the vehicles were still in place. *Id*.  According to Trooper Hefner, the driver of the F-350 identified himself as Eduardo Sanchez, not Rivas. *Id*. Further, no one at the scene identified himself as Hector Rivas, indicating Rivas was *not even present*. *Id*.  Therefore, Rivas is improperly joined.

---

[1] Gonzalez specifically declares in her state court petition that Rivas' presence destroys diversity jurisdiction.
[2] Which this Court can consider.  *Smallwood*, 385 F.3d at 574.

3.4 Even if Rivas had been driving the F-350, he would still be improperly joined for diversity purposes, as Plaintiff failed to state a case against him. The Fifth Circuit has clarified that in order to determine whether a plaintiff has stated a claim against a nondiverse defendant, federal courts conduct a Rule 12(b)(6)-type analysis that incorporates the federal pleading standard. *International Energy Ventures Management,* 818 F.3d at 199 ("[B]ecause *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis"). That standard requires that the complaint allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (internal quotes omitted). "Legal conclusions couched as facts" are also insufficient. *Belle v. Strange*, 344 F. App'x 902, 905 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotes omitted). Instead, and importantly here, a complaint must include "sufficient facts from which to reasonably infer wrongdoing." *In re Fish & Fisher Inc.*, 557 Fed. Appx. 259, 263 (5th Cir. 2014). Stated another way, a complaint should give a court an "understanding of what happened, why it happened, and whether it was wrong that it happened." *Id.*

At no point does Plaintiff plead what, if anything, Rivas allegedly did wrong. If anything, her limited factual recitations concerning Rivas seem to be an attempt to

exonerate him. She claimed some unknown problem forced Rivas "to react," and then she claimed he could not move his disabled vehicle off the road before the collision "due to the guardrail barrier in the construction zone." No wrongdoing can reasonably be inferred from these careful statements, and Gonzalez failed to plead any more facts with respect to Rivas' role in causing the accident. This is in stark contrast to her pleadings against the diverse non-venue defendants, to whom she and the minor bear no relationship. Exhibit B-3, p. 5-6 (attempting to set forth factual allegations of wrongdoing against Chi and Sam Transfer).

Because Plaintiff's pleading is completely devoid of the requisite "factual enhancement" with respect to her claims against Rivas and does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" as to Rivas, it does not satisfy the federal pleading standard. *Iqbal,* 556 U.S. at 678.

As a result, even assuming that Rivas was the driver of the F-350 in spite of the plain testimony from Trooper Hefner to the contrary, Plaintiff failed to state a claim against Rivas, Rivas is improperly joined, and Rivas' citizenship must be disregarded for the purposes of evaluating diversity jurisdiction. *International Energy Ventures,* 818 F.3d at 208-209 (applying federal pleading standard, deciding claims did not meet that standard, and affirming denial of motion to remand for that reason).

## IV. DIVERSITY JURISDICTION

5.1     The aforesaid controversy is within this Court's diversity jurisdiction. Complete diversity exists between the Plaintiff and her minor, citizens of Texas, and the only properly joined defendants, Sam Transfer LLC and Chi, citizens of Georgia. As stated

in Gonzalez' petition, the amount in controversy exceeds $75,000, exclusive of interests and costs. This Court therefore has subject matter jurisdiction in this case pursuant to diversity jurisdiction. 28 U.S.C. § 1332.

### VI. OTHER MATTERS

6.1 Chi was served with Plaintiff's Original Petition in the State Court Action on March 19, 2021. Therefore, this removal is timely. 28 U.S.C. § 1446(b)(2)(B).

6.2 In accordance with Section 1446(b)(2)(A) of Title 28 of the United States Code, SAM Transfer LLC consents to this removal. Exhibit C. Because Hector Rivas is not properly joined, Hector Rivas' consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A).

6.3 Upon filing this Notice of Removal, Chi will provide written notification to the parties and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk for the District Court, 49th Judicial District, Webb County, Texas.

6.4 Pursuant to Local Rule 81, this Notice of Removal is accompanied by the following-documents:

1. An index of matters being filed (Exhibit B);

2. All process in this case (Exhibits B-1 through B-2);

3. All pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (Exhibits B-3 through B-4);

4. The state court docket sheet (Exhibit B-5);

5. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit B-6).

6.5     Gonzalez prayed for, and Rivas demanded, a jury trial in state court.

## VII. CONCLUSION

7.1     This case is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332.  Removal of this case is proper under 28 U.S.C. § 1441 and in conformance with 28 U.S.C. § 1446.  For these reasons, Chi removes this case from the state district court to this Court and prays that this Court enter such orders and grant such relief as may be necessary to secure such removal.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY, WILLIAMS, LLP

*/s/ Timothy D. McMurtrie*
Timothy D. McMurtrie (attorney in charge)
Federal ID No. 11806
State Bar No. 13813900
Frost Bank Plaza
802 N. Carancahua, Suite 1300
Corpus Christi, Texas 78401-0021
(361) 884-8808
(361) 884-7261 (Fax)
Email: tim.mcmurtrie@roystonlaw.com
**ATTORNEY FOR DEFENDANT NGUYEN CONG CHI**

## CERTIFICATE OF SERVICE

I certify that the foregoing instrument was served by the means indicated to the counsel below on this 9th day of April, 2021.

*VIA E-SERVICE*
Jose Luis Castillo
jose.castillo@castillo-law.net
LAW OFFICE OF JOSE LUIS CASTILLO, P.C.
1810 San Bernardo Ave., Laredo, Texas 78040
P.O. Box 155, Laredo, Texas 78042
*Attorney for Plaintiff Iris A. Gonzalez, Individually and As Next Fried of M.B., a minor*

*VIA E-SERVICE*
Nicholas O. Denzer
nod-service@vlrhlaw.com
Vidaurri, Lyde, Rodriguez & Haynes, L.L.P.
202 N. 10th Avenue
Edinburg, Texas 78541
*Attorney for Defendant Hector Rivas*

                                                */s/ Timothy D. McMurtrie*
                                                Of Royston, Rayzor, Vickery & Williams, L.L.P.